**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-cr-00064-04 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRANDON BROWN (04) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Brandon Brown ("Brown"). See Record Document 178. The United States of America ("the Government") opposed the Motion. See Record Document 181. Brown did not reply. For the reasons set forth below, Brown's Motion is **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 26, 2020, a federal grand jury returned a seven-count indictment against Brown and four other individuals. See id. at 2. Brown was named in four counts: Count 1, charging Conspiracy to Violate 18 U.S.C. § 924(c) To Use, Carry, Brandish, and Discharge Firearms During and In Relation to a Crime of Violence in violation of 18 U.S.C. § 924(o); Count 2, charging Robbery of Top Dollar Pawn in violation of §§ 1951(a), (b)(1); Count 4, charging Possession of a Firearm By Convicted Felon in violation of § 922(g)(1); and Count 5, charging Robbery of the Petro gas station in violation of §§ 1951(a), (b)(1). See id.

On July 24, 2020, pursuant to a written plea agreement, Brown pled guilty to count 1. See id.; see also Record Document 69. On March 8, 2021, he was sentenced to 84

months' imprisonment followed by three years of supervised release. See Record Document 181 at 2; see also Record Document 134. On November 15, 2021, the decision by the United States Court of Appeals for the Fifth Circuit affirming his conviction and sentence was filed into the district court record. See Record Document 172. On December 22, 2022, Brown filed the instant motion. See Record Document 178. On February 16, 2023, the Government filed its opposition. See Record Document 181.

## LAW AND ANALYSIS

Brown challenges his conviction on the ground that "a recent change in the applicable law [he] was sentenced under is unconstitutionally void for vagueness and [therefore] open to collateral attack." See Record Document 178 at 4. Brown contends he "was sentenced under the residual clause of 924(c) as [his] sentence was for conspiracy to use a firearm during a crime of violence." See id. He argues that he "was not a participant in the actual robbery and conspiracy to commit an offense is merely an agreement to commit an offense and therefore never established proof that [he] attempted to use…threatened to use force." See id. He did not raise this issue in his direct appeal because he claims his lawyer did not make the argument, and he was not aware of the change in the law. See id.

The Government argues that Brown has not cited any relevant law that warrants him relief. See Record Document 181 at 1. Nevertheless, the Government provides the applicable, relevant case law underlying Brown's arguments. See id. at 4. The Government asserts Brown does not benefit from either U.S. v. Davis or U.S. v. Taylor. See id. at 7. It is well-established in the Fifth Circuit that a Hobbs Act robbery is a crime of violence under the elements clause definition. See id. The Government contends

2

Brown may be confused because he pled guilty to conspiracy to violate § 924(c). See id. He pled guilty to conspiracy to use, carry, brandish, or use a firearm during crimes of violence, two robberies. See id. Counts 2 and 5 of the indictment charged Brown with robbery in violation of § 1951, which is also referred to as a Hobbs Act robbery. See id. Since robbery fits within the definition of crime of violence, the Government submits that Brown's predicate offenses were not attempted Hobbs Act robberies. See id. Since neither Davis nor Taylor apply to Brown's conviction, the Government contends his Motion should be denied. See id.

**I. § 2255 Standard.**

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F. 2d 228, 231–32 (5th Cir. 1991) (citing U.S. v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1592 (1982)). Consequently, relief under § 2255 is quite limited, reaching only instances where (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum, or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Stated differently, § 2255 affords relief only to issues of constitutional or jurisdictional magnitude—those that "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F. 2d 367, 368 (5th Cir. 1992).

**II. Relevant Case Law.**

The Supreme Court has held that under § 924(c), a felony qualifies as a crime of violence if it falls under one of two definitions. U.S. v. Taylor, 596 U.S. 845, 848, 142 S. Ct. 2015, 2019 (2022). The first definition comes from the elements clause under § 924(c)(3)(A), which "covers offenses that 'ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" Id. The second definition comes from the residual clause under § 924(c)(3)(B), which "encompasses offenses that 'by [their] nature, involv[e] a substantial risk that physical force…may be used.'" Id.

In U.S. v. Davis, the Supreme Court found § 924(c)(3)(B) unconstitutionally vague. 588 U.S. 445, 470, 139 S. Ct. 2319, 2336 (2019). The defendants in Davis "were charged with multiple counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery." Id. at 445, 2321. Additionally, they were "charged under 18 U.S.C. § 924(c), which authorizes heightened criminal penalties for using, carrying, or possessing a firearm in connection with any federal 'crime of violence or drug trafficking crime.'" Id. (quoting § 924(c)(1)(A)). A crime of violence is defined under the elements clause in § 924(c)(3)(A) and the residual clause in § 924(c)(3)(B). Id. The Supreme Court only analyzed whether the residual clause in § 924(c)(3)(B) was constitutional. Id. at 450–51, 2325. The Court did not analyze the constitutionality of the elements clause under § 924(c)(1)(A).

In U.S. v. Taylor, the Supreme Court held that an "[a]ttempted Hobbs Act robbery does not qualify as a 'crime of violence' under § 924(c)(3)(A) because no element of the

4

offense requires proof that the defendant used, attempted to use, or threatened to use force." 596 U.S. at 845, 142 S. Ct. at 2016. The defendant argued that neither the conspiracy to commit Hobbs Act robbery nor attempted Hobbs Act robbery qualified as a crime of violence after the Court's decision in U.S. v. Davis. Id. at 849, 2019. In response, the government asserted "the crime of attempted Hobbs Act robbery qualifie[d] as a crime of violence under the elements clause even if conspiracy to commit Hobbs Act robbery may not." Id. Ultimately, the Court held that an attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause. Id. at 845, 2016.

### III. Analysis.

In the instant case, counts 2 and 5 of the indictment charged Brown with two completed Hobbs Act robberies under 18 U.S.C. §§ 1951(a), (b)(1). See Record Document 1 at 2, 3. Brown pled guilty to count 1, Conspiracy to Violate 18 U.S.C. § 924(c) To Use, Carry, Brandish, and Discharge Firearms During and in Relation to Crime of Violence 18 U.S.C § 924(o). See Record Document 69-3 at 1. The Fifth Circuit emphasized the distinction between attempted robbery and completed robbery in U.S. v. Powell. 78 F. 4th 203, 209 (5th Cir. 2023). The Fifth Circuit found that the Court in Taylor only addressed the constitutionality of an attempted Hobbs Act robbery, not a completed Hobbs Act robbery. Id. Thus, Taylor did not reach the crime at issue in Powell because it involved a completed robbery. Id. at 210.

Furthermore, "[t]he plain language of the statute indicates that the Hobbs Act creates three offenses: Hobbs Act robbery, attempted Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery." U.S. v. Legendre, No. 21-51, 2023 WL 2330036, at *3 (E.D.

La. Mar. 2, 2023). The Hobbs Act "is divisible into multiple crimes, as demonstrated by the fact that a jury must agree that one alternative, and not the other, was committed." Id. See U.S. v. Garrett, 24 F. 4th 485, 489 (5th Cir. 2022). The district court in Legendre ultimately held that "the holding that attempted Hobbs Act robbery is not a crime of violence does not affect the fact that a completed Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A)." Id.

This distinction is significant to the instant case. "The Fifth Circuit has…made clear that, even after Taylor, [a] completed Hobbs Act robbery qualifies as a crime of violence." U.S. v. Henry, No. 18-193, 2023 WL 4931847, at *3 (E.D. La. Aug. 2, 2023) (italics omitted) (citing U.S. v. Hill, 63 F. 4th 335, 363 (2023) ("Our precedents establish that Hobbs Act robbery is a crime of violence under the elements clause." (citing U.S. v. Bowens, 907 F. 3d 347, 353–54 (5th Cir. 2018)))). In Henry, the defendant's "sole § 924(c) conviction was predicated on a completed Hobbs Act robbery." Id. Of the three-count indictment, he only pled guilty to one count, which was predicated on the completed Hobbs Act robbery. Id. Thus, the district court held that because the defendant's "only § 924(c) conviction [was] predicated upon a completed Hobbs Act robbery, Taylor [was] inapposite and [the defendant's] argument [was] foreclosed by Fifth Circuit precedent." Id. (italics omitted).

As stated above, Brown only pled guilty to count 1. See Record Document 69-3 at 1. However, like the defendant in Henry, count 1 is predicated on Brown's violations of § 1951(a) and § 924(c)(1)(A), as alleged in counts 2 and 5 of the indictment. See Record Document 1 at 2. Because Brown's § 924(c) conviction is predicated upon two completed Hobbs Act robberies, neither Davis nor Taylor applies. Thus, Brown's Motion is **DENIED**.

6

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Brown's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 178) is **DENIED**.

An Order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana this 2nd day of January, 2025.

                                            UNITED STATES DISTRICT COURT JUDGE